UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

WASHINGTON PERES, et al.,  Case No. 1:18-cv-18
　　Plaintiffs,  Litkovitz, M.J.

vs.

THIRD FEDERAL SAVINGS AND  **ORDER**
LOAN ASSOCIATION OF CLEVELAND, et al.,
　　Defendants.

Plaintiffs bring this case against defendants[1] for claims under the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA") and the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.* ("RESPA"), as well as various state law claims, in relation to the purchase of flood insurance as a condition to obtaining a mortgage loan on their new home. (Doc. 4). This matter is before the Court on defendant Third Federal Savings and Loan Association of Cleveland's (Third Federal) motion to dismiss (Doc. 26), plaintiffs' response in opposition (Doc. 29), and Third Federal's reply (Doc. 30).

## I. The Amended Complaint (Doc. 4)

Plaintiffs filed their amended complaint on February 22, 2018 and allege the following facts: In August 2016, plaintiffs began searching for a new home in Mason, Ohio. (Doc. 4 at ¶ 37). On August 26, 2016, plaintiffs received a pre-approval letter from Third Federal to purchase a home, and they decided to purchase a property on August 30, 2016. (*Id.* at ¶¶ 38, 39). On September 16, 2016, before closing on the property, plaintiffs informed defendants that they would not close on the property if flood insurance was required as a condition for purchasing the property and obtaining the mortgage loan. (*Id.* at ¶ 40). Plaintiffs allege that they were informed

---

[1] Plaintiffs have voluntarily dismissed all claims against defendants Plum Tree Realty, Mark Arbino, Keller Williams Cincinnati Metro NE, and Steven Iori. (Docs. 13, 23). Therefore, the only remaining defendants in this action are Third Federal Savings and Loan Association of Cleveland and Mash Enterprises, LLC.

that flood insurance was not required for the property. (*Id.* at ¶ 41). On September 23, 2016, an elevation certificate was sent to defendants to help determine if flood insurance was required as a condition of the mortgage loan. (*Id.* at ¶ 42). On September 29, 2016, Third Federal informed plaintiffs by email that the mortgage loan for the property would not require flood insurance. (*Id.* at ¶ 43; Ex. A). Third Federal recommended that plaintiffs continue with closing on the property. (*Id.*). On September 30, 2016, plaintiffs closed on the property. (*Id.* at ¶ 44). Defendants reassured plaintiffs that flood insurance was not required as a condition of purchasing the property and obtaining the mortgage loan. (*Id.* at ¶ 45).

Thereafter, on October 6, 2016, Third Federal sent plaintiffs a letter informing them that they needed to purchase flood insurance for the property. (*Id.* at ¶ 47; Ex. B). Plaintiffs then contacted Third Federal about the October 6, 2016 letter. (*Id.* at ¶ 48). On October 12, 2016, Third Federal replied to plaintiffs and confirmed that flood insurance was not required for the property and directed them to disregard the October 6, 2016 letter. (*Id.* at ¶ 49; Ex. C).

On November 7, 2016, Third Federal again informed plaintiffs that flood insurance was a condition of the mortgage loan for the property. (*Id.* at ¶ 50). On November 22, 2016, Third Federal sent plaintiffs a letter acknowledging its mistake and offered to refund the closing cost of $850.00 and to pay for one year of flood insurance for the property. (*Id.* at ¶ 51; Ex. D). Plaintiffs declined Third Federal's offer. (*Id.* at ¶ 52). On November 29, 2016, Third Federal sent plaintiffs a second letter notifying them that flood insurance was required. (*Id.* at ¶ 53; Ex. E). Defendants informed plaintiffs that they would purchase force placed flood insurance and add the charge to plaintiffs' escrow account if they did not respond. (*Id.*). On December 21, 2016, Third Federal sent plaintiffs a notice that force placed flood insurance had been placed on the mortgage for their property and the additional cost would be added to their escrow account.

2

(*Id.* at ¶ 54; Ex. F).

## II. Motion to Dismiss (Doc. 26)

### A. Failure to join a necessary party under Fed. R. Civ. P. 12(b)(7)

Defendant Third Federal moves for dismissal under Fed. R. Civ. P. 12(b)(7) for failure to join a required party under Fed. R. Civ. P. 19. (Doc. 26 at 3). Third Federal argues that the real estate agent for the seller of the property is a necessary party under Rule 19(a). (*Id.* at 4). Third Federal maintains that the seller, represented by the real estate agent, made material misrepresentations to the plaintiffs that induced them into purchasing the property and affirmatively stated in a residential property disclosure form that the property was not located in a flood zone. (*Id.*) (citing Amended Complaint, Doc. 4, Ex. D).[2] Third Federal maintains that but-for purchasing the property located in a flood zone prior to obtaining financing for the mortgage, plaintiffs would have no claims against Third Federal under TILA and RESPA and for fraud and misrepresentation. (*Id.* at 4-5). As a creditor, Third Federal contends that it had no obligation to advise plaintiffs that the property was located in a flood zone. (*Id.*). Third Federal maintains that complete relief among Third Federal and plaintiffs cannot be had without joinder of the seller's real estate agent because relief would involve unwinding the sale of the property and damages for failure to disclose that the property was located in a flood zone. (*Id.*).

In response, plaintiffs argue that the seller and real estate agent are not necessary parties to plaintiffs' claims because the Court can fully adjudicate the dispute between plaintiffs and Third Federal. (Doc. 29 at 2). Plaintiffs maintain that at the time of the creation of the mortgage loan Third Federal represented that no flood insurance would be required. (*Id.* at 3). Plaintiffs argue that their claims under TILA and RESPA directly relate to Third Federal's origination and

---

[2] Pursuant to Ohio Rev. Code § 5302.30, sellers are required to provide specific disclosures to home buyers.

3

servicing of the mortgage loan it originated with plaintiffs. (*Id.*). Plaintiffs state that the seller's representation that flood insurance was not required has "no bearing on [Third Federal's] creation and servicing of a loan for which it falsely represented no flood insurance was required." (*Id.*).

In reply, Third Federal maintains that the real estate agency and agent are necessary parties because absent the purchase of property located in a flood zone, plaintiffs would not have any claims against Third Federal under TILA or RESPA related to its alleged failure to disclose that flood insurance was a condition to the mortgage loan. (Doc. 30 at 2-3). Third Federal contends that the seller, real estate agency, and agent materially misrepresented the flood zone status of the property. (*Id.* at 3).

A three-part test applies to determine whether a party is indispensable under Federal Rule of Civil Procedure 19: (1) whether the person is a necessary party under Rule 19(a); (2) if the person is a necessary party, whether joinder of that person will deprive the court of subject matter jurisdiction; and (3) if joinder is not feasible because it will deprive the court of its ability to hear the case, whether an analysis of the Rule 19(b) factors shows the court should "in equity and good conscience dismiss the case because the absentee is indispensable." *Laethem Equip. Co. v. Deere & Co.*, 485 F. App'x 39, 43-44 (6th Cir. 2012) (citing *Glancy v. Taubman Centers, Inc.*, 373 F.3d 656, 666 (6th Cir. 2004)). "A party is necessary under Rule 19 if either (1) in the party's absence, the court cannot accord complete relief among existing parties, Fed. R. Civ. P. 19(a)(1)(A), or (2) [] the party claims an interest relating to the subject of the action and disposing of the action in the party's absence may (i) as a practical matter impair or impede the party's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring multiple or otherwise inconsistent obligations because of the interest, Fed. R. Civ. P.

4

19(a)(1)(B)." *Id.* For the following reasons, the undersigned concludes that the real estate agent for the seller of the property is not a necessary party to this action and it is therefore unnecessary to reach steps two and three of the Rule 19 joinder analysis.

The Court finds that plaintiffs can obtain complete relief against the remaining defendants if the real estate agent for the seller is not joined under Fed. R. Civ. P. 19(a)(1)(A). "Complete relief is determined as between persons already parties, 'and not as between a party and the absent person whose joinder is sought.'" *Laethem Equip.*, 485 F. App'x at 44 (quoting *School Dist. of Pontiac v. Secretary of U.S. Dept. of Educ.*, 584 F.3d 253, 265 (6th Cir. 2009) (citations omitted)). The relief plaintiffs seek includes:

- Actual damages in an amount to be determined at trial;
- The maximum, non-economic, actual, general, other, and statutory damages sought under each Count;
- Punitive damages as appropriate;
- Costs of this litigation, including filing fees and reasonable attorney's fees; and
- All other relief the Court deems appropriate.

(Doc. 4 at p. 16). All of the forms of relief sought by plaintiff can be obtained by the remaining defendants without the need to join the real estate agent as a party to this action. Third Federal alleges that joining the real estate agent is necessary because plaintiffs' relief "must include the possibility of unwinding the sale of the property or damages for failure to disclose that the Property was located within a flood zone." (Doc. 26 at 5-6). However, Third Federal's position ignores the core factual allegations contained in plaintiffs' amended complaint which relate to Third Federal's alleged failure to disclose the need for flood insurance prior to closing on the home as a condition of the mortgage loan. In this regard, Third Federal's role in the alleged non-

5

disclosure of the need for flood insurance for the mortgage loan is separate from the real estate agent's alleged non-disclosure. In their count one TILA claim, plaintiffs allege that Third Federal violated TILA by failing to disclose that flood insurance was a condition of the mortgage loan. (Doc. 4 at ¶ 63). In their count two RESPA claim, plaintiffs allege that in placing force placed flood insurance on the property, Third Federal failed to conduct a required escrow analysis, failed to provide them with an accurate initial escrow statement, and failed to comply with regulations to carry out the consumer protection purposes of RESPA. (*Id.* at ¶¶ 66-68). In their count three fraud/negligent misrepresentation claim, plaintiffs allege that the flood insurance as a condition to the mortgage loan was "material" to the overall purchase of the home and defendants "falsely represented to Plaintiffs that flood insurance would not be required as a condition of the Mortgage Loan for the Property to induce Plaintiffs into closing on the Property." (*Id.* at ¶¶ 91-92). Similarly, in their breach of contract claim, plaintiffs allege that Third Federal breached the mortgage contract by falsely representing that the mortgage contract did not require flood insurance and then placing force placed flood insurance on the mortgage loan. (*Id.* at ¶¶ 109-110).

Third Federal argues that if the real estate agent is not joined, it is at a substantial risk of incurring double, multiple, or otherwise inconsistent obligations under Rule 19. (Doc. 26 at 6). Third Federal also argues that plaintiffs can file a separate suit against the real estate agent for misrepresentation that the property was not located in a flood zone and therefore receive a double recovery on the same claim. (*Id.*). As described above, plaintiffs' claims against Third Federal listed in the amended complaint relate to Third Federal's alleged failure to disclose the requirement of flood insurance as a condition to the *mortgage* loan, which is a separate issue from the real estate agent's alleged failure to disclose this information during the sale of the

6

property. While it is true that the real estate agent may be a joint tortfeasor on plaintiffs' fraud/negligent misrepresentation claims, "a person's status as a joint tortfeasor does not make that person a necessary party, much less an indispensable party. . ." *PaineWebber, Inc. v. Cohen*, 276 F.3d 197, 204 (6th Cir. 2001). Moreover, should the real estate agent or seller be liable to plaintiffs or any named defendant, there are other avenues in which they can be held accountable. *See* Fed. R. Civ. P. 14(a)(1) ("A defending party may, as a third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it."). Accordingly, the Court finds that it will be able to accord complete relief among the existing parties and therefore the real estate agent is not a necessary party under Rule 19.

**B. Failure to Sufficiently Plead Fraud under Fed. R. Civ. P. 9(b)**

Third Federal argues that plaintiffs have failed to sufficiently plead a fraud claim with particularity as required under Rule 9(b). (Doc. 26 at 8). Third Federal alleges that plaintiffs have failed to identify the fraud, when the alleged fraud occurred, the plaintiffs' reliance on the fraud, and the defendant's alleged fraudulent intent. (*Id.*).

In response, plaintiffs argue that they have pled their fraud claim with particularity as required by Rule 9(b). (Doc. 29 at 3). Specifically, plaintiffs argue that they pled in sufficient detail that Third Federal lied to them "in order to deceive them into signing the loan documents necessary to purchase their Home even though [defendant] knew or should have known that flood insurance would be required despite its false representations otherwise." (*Id.*). Plaintiffs allege that they sufficiently pled the time, place, and content of Third Federal's misrepresentations. (*Id.* at 4).

Rule 9(b) requires a party alleging fraud to state with particularity the circumstances

7

constituting fraud. Fed. R. Civ. P. 9(b). To satisfy Rule 9(b), a plaintiff must (1) specify the allegedly fraudulent statements, (2) identify the speaker, (3) state when and where the statements were made, and (4) explain what made the statements fraudulent. *Newberry v. Silverman*, 789 F.3d 636, 645 (6th Cir. 2015) (quoting *Republic Bank & Trust Co. v. Bear Stearns & Co., Inc.*, 683 F.3d 239, 247 (6th Cir. 2012)). *See also Allen v. Andersen Windows, Inc.*, 913 F. Supp.2d 490, 498 (S.D. Ohio 2012) (a plaintiff must "allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud.") (quoting *Bennett v. MIS Corp.*, 607 F.3d 1076, 1100 (6th Cir. 2010)). "The main purpose behind Rule 9(b) is to provide the defendant with notice of the plaintiff's claim so that the defendant may prepare an informed responsive pleading." *Allen*, 913 F. Supp.2d at 498. "In ruling upon a motion to dismiss under Rule 9(b) for failure to plead fraud 'with particularity,' a court must factor in the policy of simplicity in pleading which the drafters of the Federal Rules codified in Rule 8." *Kimber Baldwin Designs, LLC v. Silv Commc'ns, Inc.*, 225 F. Supp.3d 670, 680 (S.D. Ohio 2016) (quoting *Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674, 679 (6th Cir. 1988)).

Plaintiffs have sufficiently pled their fraud claim with particularity to satisfy the requirements of Rule 9(b). In their amended complaint, plaintiffs allege that on September 29, 2016, before the closing on the property, Third Federal "negligently and/or fraudulently informed Plaintiffs that the Mortgage Loan for the Property would not require flood insurance and requested that plaintiffs continue with closing." (Doc. 4 at ¶ 75). After the closing, Third Federal sent plaintiffs a letter on October 6, 2016 requesting flood insurance for the property. (*Id.* at ¶ 79). Plaintiffs further allege that on October 12, 2016, Third Federal again informed them that no flood insurance was required. (*Id.* at ¶ 81). Thus, plaintiffs have pled the allegedly

8

fraudulent statements, identified the speaker, and stated when the statements were made. Plaintiffs have also alleged that they relied on Third Federal's misrepresentations by closing on the property and suffered damages resulting therefrom. Accordingly, plaintiffs have given Third Federal sufficient notice of their fraud claim to allow it to prepare an informed responsive pleading.

### C. More Definite Statement under Fed. R. Civ. P. 12(e)

Third Federal also moves for a more definite statement under Fed. R. Civ. P. 12(e). Specifically, Third Federal requests that the Court order plaintiffs to attach a copy of their contract and specifically identify the provisions of the contract that Third Federal allegedly breached in support of their count four breach of contract claim. (Doc. 26 at 9). Plaintiffs do not oppose this request and admit that they mistakenly failed to attach a copy of the note and mortgage upon which their breach of contract claims rely to their amended complaint. (Doc. 29 at 4-5).

Accordingly, plaintiffs are **ORDERED** to file a more definite statement with copies of the note and mortgage they entered into with Third Federal to support their breach of contract claim.

### III. Conclusion

Based on the foregoing reasons, it is **ORDERED** that defendant Third Federal's motion to dismiss (Doc. 26) is **DENIED**, except that plaintiffs are **ORDERED** to provide a more definite statement pursuant to Fed. R. Civ. P. 12(e) in support of their breach of contract claim against Third Federal.

Date: 3/22/19

Karen L. Litkovitz
United States Magistrate Judge

9